**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SETH PAUL LEMKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-08-06-HE** |
| | ) | |
| **DENNIS BANTHER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Officials from the Kingfisher County Sheriff's Department filed a Special Report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (per curiam), and Defendants then filed separate motions to dismiss, to which Plaintiff has not responded.[1] As Plaintiff's time to do so has lapsed, the motions are now at issue. Local Civil Rule 7.1(g). For the following reasons, it is recommended that Sheriff Banther's motion be granted unless Plaintiff amends the complaint within twenty (20) days of any order

[1]Plaintiff submitted a letter to the Court Clerk on May 9, 2008, stating that he was then incarcerated at the Lexington Assessment and Reception Center, and requesting an extension of time. [Doc. No. 21]. The undersigned entered an order on May 16, 2008, advising Plaintiff of his need to file a motion. [Doc. No. 22]. The copy of that order mailed to Plaintiff was returned to the Court as undeliverable. It thus appears Plaintiff has not kept the Court advised of his change of address and certainly sufficient time has passed since Plaintiff's May letter for him to not only respond to the motions to dismiss but to advise the Court of his new address.

adopting this Report and Recommendation. It is further recommended that Court Clerk Dow's motion be denied.

By this action, Plaintiff sues Dennis Banther, the Sheriff of Kingfisher County, and Yvonne Dow, the Kingfisher County Court Clerk for constitutional violations alleged to have occurred during his confinement in the Kingfisher County Jail. Amended Complaint, pp. 1-2. Specifically, in Count I of his two-count complaint, Plaintiff contends Sheriff Banther has violated his Sixth Amendment rights by failing to properly protect inmates.[2] Plaintiff explains he has suffered physical injury and mental stress because Sheriff Banther has failed to provide proper access to medical and mental health services, proper ventilation and lighting, proper exercise and recreational facilities, and access to legal materials and a law library. Id. at 3.

In Count II, Plaintiff maintains Court Clerk Dow has violated his constitutional right to privacy by printing his social security number and address on court documents. He complains that in so doing, Court Clerk Dow has exposed him to the possibility of identity theft because his information "cannot be kept from being disclosed to other inmates in the close confines of this County Jail." Id. at 3.

Defendants have filed separate motions to dismiss the amended complaint. Sheriff Banther argues the amended complaint should be dismissed because Plaintiff has not exhausted his administrative remedies, and because the amended complaint does not comply

[2]It appears that most of Plaintiff's allegations against the Sheriff would more properly be analyzed under the Eighth and Fourteenth Amendments.

with Federal Rule of Civil Procedure 8. Banther Motion, pp. 1, 6. In her motion, Court Clerk Dow contends she is entitled to absolute judicial immunity for the acts about which Plaintiff complains. Dow Motion, p. 2.

## I. STANDARD GOVERNING A MOTION TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); accord Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "Rather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (alterations omitted) (quoting Twombly, 127 S. Ct. at 1965) (evaluating pro se prisoner complaint under plausibility standard). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

A court considering the sufficiency of a complaint must "accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Kay, 500 F.3d at 1217 (quoting Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002)). Furthermore, a pro se complaint must be liberally construed and held to less stringent standards than pleadings

drafted by lawyers. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quotations omitted) (reviewing pro se prisoner's complaint under plausibility standard) ;see also Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the broad reading of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, a reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990). Additionally, a court evaluating a complaint tested by a motion to dismiss may consider the complaint and any documents attached to it as exhibits. Hall, 935 F.2d at 1112; see also Erickson, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint).

## II. SHERIFF BANTHER'S MOTION TO DISMISS

Sheriff Banther moves for dismissal pursuant to Rule 12(b)(6) based upon two arguments. He first contends Plaintiff's amended complaint should be dismissed based upon Plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997(e). Banther Motion, p. 1. In explaining his contentions, Sheriff Banther refers the Court to exhibits attached to the motion including a copy of the Kingfisher Sheriff's Department Jail Facility Rules and the Special Report. Id. at 4-5. As a second basis for dismissal, Sheriff Banther argues the amended complaint should be dismissed because Plaintiff has not explained his allegations with sufficient factual specificity. See id. at 6-11.

Addressing Sheriff Banther's exhaustion argument first, it is well established that a motion to dismiss tests the legal sufficiency of the allegations of the complaint. Archuleta v. Wagner, 523 F.3d 1278, 1281 (10th Cir. 2008). Accordingly, as noted earlier, a court considering a motion to dismiss is limited to reviewing the allegations contained in the four corners of the complaint and any materials attached to the complaint. Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995). Moreover, a court considering the sufficiency of a complaint tested by a motion to dismiss is constrained to accept the allegations of the complaint as true. Kay, 500 F.3d at 1217.

Well over one year ago, the Supreme Court decided Jones v. Bock, 127 S. Ct. 910, 921 (2007), holding "that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." In the wake of Jones, the Tenth Circuit Court of Appeals observed in a published opinion:

> Jones suggests that district courts can dismiss prisoner complaints for failure to state a claim if it is *clear from the face of the complaint* that the prisoner has not exhausted his administrative remedies. However, courts also are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials. The facts ordinarily pled in allegations concerning prison conditions frequently will not give a definitive answer as to whether a prisoner has completed his internal grievance process or whether he was thwarted in his attempts to do so. We believe that only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.

Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (internal citations omitted) (emphasis added).

In the portion of the complaint form designed to elicit information concerning Plaintiff's efforts to exhaust administrative remedies, Plaintiff has checked a box affirmatively indicating he has sought administrative relief for the acts and omissions made the basis of his suit. He further explains "officials refuse to answer or comply with grievances." Amended Complaint, p. 5. Given that a plaintiff need not affirmatively plead and prove exhaustion in the complaint, if the undersigned takes Plaintiff's allegations concerning exhaustion as true and looks only to the four corners of the amended complaint, it is evident that it cannot be dismissed for failure to exhaust. Plaintiff asserts he has sought administrative relief for the items made the basis of his suit and that prison officials have interfered with his ability to do so. Id. A prison official's inaction or action which interferes with a prisoner's ability to pursue administrative remedies may excuse his failure to exhaust. See Jernigan v. Stuchell, 304 F.3d 1030, 1032-33 (10th Cir. 2002).

Sheriff Banther's claim that Plaintiff's claims should be dismissed because he has not exhausted administrative remedies cannot be resolved in his favor via a motion to dismiss. This Circuit has established precedent concerning what materials may be considered in connection with a motion to dismiss and has expressly noted that a complaint will be subject to dismissal only in "rare cases" where it is clear from the allegations of the complaint that the plaintiff has inexcusably failed to exhaust administrative remedies. Aquilar-Avellaveda, 478 F.3d at 1225. It is, thus, somewhat vexing that attorneys for Sheriff Banther chose to present this argument via a motion to dismiss when, in their own motion, they referred to materials outside the pleadings (the special report and exhibits attached to the motion) in

support of their motion to dismiss. To the extent the attorneys for Sheriff Banther are implicitly inviting the undersigned to convert their motion to dismiss into one for summary judgment by referring to the Special Report and exhibits, the undersigned declines to do so. Sheriff Banther's first argument presents no meritorious basis for dismissing the amended complaint.

However, Sheriff Banther's alternative basis for requesting dismissal of the complaint is more availing. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of the claim showing that the pleader is entitled to relief, grounds for the court's jurisdiction, and a demand for the relief sought. See Fed. R. Civ. P. 8(a). The short and plain statement rule is a *de minimus* requirement, compelling the plaintiff to provide his opponents "'fair notice of what [his] claim is . . . and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (quotations and citations omitted). To satisfy the requirements of Rule 8(a):

> [A] complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. . . . [T]hese are, very basically put, the elements that enable the legal system to get weaving - permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). Moreover, as noted earlier, it is true that a pro se plaintiff is entitled to a liberal construction of his pleadings, but the broad reading of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. A reviewing court need not accept "mere conclusions characterizing pleaded facts," Bryson, 905 F.2d at 1390, nor will a court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

As Sheriff Banther argues, Plaintiff's complaint contains nothing more than conclusory allegations that do not sufficiently apprise him of the exact bases of Plaintiff's claims. As to Count I, the only count concerning Sheriff Banther, Plaintiff contends Sheriff Banther has violated his Sixth Amendment rights by,

> [F]ailing to protect the inmates properly[.] I have suffered physical injury and mental stress because of this fact. He is failing to provide proper access to medical and mental health services, proper ven[til]ation, proper lighting that protects me from air born pathogens and eye problems, no proper exercise and rec[.] No access to legal material or law library.

Amended Complaint, p. 3. For background information, Plaintiff asserts these conditions have exposed the inmates to tuberculosis. Id. at 2. He also complains he is unable to maintain adequate personal hygiene, there is inadequate food, no access to exercise equipment, and that he has received inadequate protection from other inmates which resulted "in me being severly beat[en] by[] numerous other inmates," and being taken to the emergency room with multiple injuries. Amended Complaint, p. 2. He complains that the

jail is overcrowded which causes food and clothing shortages and that "there is no canteen that can be utilized when there are food shortages." Id.

These allegations do not identify the actors involved in the events about which Plaintiff complains, disclose when these events allegedly occurred, or explain these matters with sufficient detail to enable Sheriff Banther to know what specific events form the basis of Plaintiff's complaint for which he must prepare a defense. The allegations are nothing more than Plaintiff's conclusory opinion that various conditions of his confinement are inadequate. They do not meet Rule 8(a)'s requirement that the complaint contain a short and plain statement of the claim showing that Plaintiff is entitled to relief or provide Sheriff Banther fair notice of what Plaintiff's claims are and the grounds upon which they rest.

However, because it is plausible that additional factual allegations may show that the conditions of Plaintiff's confinement at the Kingfisher County Jail violate his Eighth Amendment right to be free from cruel and unusual punishment and that Sheriff Banther may bear liability for such conditions, Plaintiff should be given an opportunity to amend his complaint to properly allege sufficient facts to state a claim for relief.

## III. DEFENDANT DOW'S MOTION TO DISMISS

In her motion to dismiss, Defendant Dow contends she is entitled to absolute judicial immunity for the performance of actions within the official scope of her duties. Dow Motion, p. 2. She argues that the acts about which Plaintiff complains, the filing of documents prepared by others, amount to nothing more than the performance of her "judicial" duties for which she is entitled to immunity. Id. at 2-3. She states that the

documents were submitted to her for filing, including some documents submitted by the Plaintiff, and that she simply filed the documents. Id. at 2.

In support of her claim that she is entitled to absolute judicial immunity, Defendant Dow cites Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981), for the proposition that "Court clerks are entitled to absolute judicial immunity for actions committed within the scope of their judicial duties." Dow Motion, p. 2. Contrary to Dow's contention, Wiggins does not extend absolute judicial immunity to court clerks or indicate that they are entitled to such immunity. In Wiggins, the plaintiff (Wiggins) obtained federal habeas relief from a state court conviction and filed a § 1983 action against the judges of the courts who denied his applications for state habeas relief, and he also named the clerks of those courts as defendants. Wiggins' § 1983 action was dismissed as frivolous, and in the order dismissing Wiggins' suit, the federal district judge remarked that Wiggins had incorrectly named the Clerk of the New Mexico Supreme Court as a defendant in his suit because: "The proper defendant appears to be the New Mexico Supreme Court and as such they are cloaked with absolute immunity while exercising their official functions and duties." Wiggins, 644 F.2d at 812-14 (citation omitted). As to this observation and the disposition of Wiggins' § 1983 claims, the Tenth Circuit Court of Appeals stated:

> We agree . . . Insofar as the clerks of the respective courts are concerned, it is obvious that they do not grant writs of habeas corpus. Courts alone are so authorized and empowered . . . . It is well settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties. Thus, we affirm the District Court's dismissal of Wiggins' complaint directed to the members of the named New Mexico state courts and the respective clerks of those courts.

Id. at 815. The Wiggins Court of Appeals agreed that the Clerk of the New Mexico Supreme Court was not properly named as a defendant because she played no part in denying Wiggins habeas relief, which was the basis of his suit. See id. The Court of Appeals affirmed the dismissal of the claims against the judges of the New Mexico Supreme Court on the basis of their entitlement to absolute judicial immunity. See id. While Wiggins is sometimes cited for the proposition that court clerks are entitled to absolute immunity, there is nothing in the holding of the Court that so indicates.

In contrast to Dow's claim of entitlement to absolute judicial immunity, the Tenth Circuit Court of Appeals has made it clear that court clerks are only entitled to absolute immunity in very limited circumstances. Stein v. Disciplinary Board, 520 F.3d 1183 (10th Cir. 2008); Sawyer v. Gorman, No. 08-3066, 2008 WL 2470917 at *2 (10th Cir. June 20, 2008).[3]

In Stein, a defendant who was the chief disciplinary counsel for the disciplinary board of the New Mexico Supreme Court claimed that she was acting as a clerk of the court in certain actions she had taken for which she was being sued and thus she claimed that she was entitled to absolute immunity. Stein, 520 F.3d at 1191. The Court stated:

> There is a substantial question, however, whether the doctrine of absolute immunity extends so far. As stated by the Supreme Court, "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 n. 4, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993) (internal quotation marks omitted) (rejecting absolute immunity for

[3]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

> court reporters). Absolute immunity is not available simply because one's work is "'functionally part and parcel of the judicial process.'"*id*. at 432, 113 S.Ct. 2167 (quoting *Antoine v. Byers & Anderson, Inc.*, 950 F.2d 1471, 1476 (9th Cir.1991)). Thus, in *Henriksen v. Bentley*, 644 F.2d 852, 856 (10th Cir.1981), we stated that court clerks are generally entitled only to qualified immunity. To be sure, we also stated that court clerks may be entitled to absolute immunity in some circumstances, but we recognized only two. First, absolute immunity may be available to protect clerks performing quasijudicial duties, such as setting bail. *See id*. at 855. Second, it may protect clerks "acting under the command of a court decree or explicit instructions from a judge." *Id*.

The Court in Stein went on to note that it would leave to another day any determination of the precise boundaries of absolute quasi judicial immunity for clerks. Stein, 520 F.3d at 1192.

The most recent Tenth Circuit pronouncement on court clerk immunity is the unpublished case of Sawyer v. Gorman, *supra*. There, the Court found that the court clerk was entitled to absolute immunity when she rejected the plaintiff's *pro se* filing pursuant to a judge's order not to accept his *pro se* filings. Sawyer, 2008 WL 2470917 at *2. Consistent with Henriksen and Stein, the Court found that absolute immunity was proper as the court clerk was acting under the command of a court order.

The acts about which Plaintiff complains in the amended complaint - that Court Clerk Dow "is printing" his social security number, birth date, and address on court documents "she issues" and "that are being issued" - are not the type of acts a court clerk generally performs pursuant to a court decree or under explicit instructions from a judge. Rather, they are more akin to administrative acts taken in furtherance of judicial business. Further, given these acts' administrative character, they are not quasi-judicial functions such as setting bail.

Accordingly, these are not the type of acts for which a court clerk might be entitled to absolute judicial immunity. Thus, it appears Court Clerk Dow might be entitled to qualified immunity, but she has not moved to dismiss the amended complaint on this basis. Because Court Clerk Dow has not shown her entitlement to absolute judicial immunity in her motion to dismiss, and has only moved for dismissal on that basis, her motion to dismiss should be denied.

Notably, as with Sheriff Banther's motion, the attorneys representing Court Clerk Dow have referred, in the motion to dismiss, to documents outside the pleadings to support their contention that Court Clerk Dow has only filed papers submitted to her which were prepared "by the parties to Plaintiff's criminal case, including Plaintiff himself." Dow Motion, p. 2. They further contend that Court Clerk Dow's acts in merely filing documents submitted to her for that purpose are clearly within the scope of her "judicial" duties for which she is entitled to absolute judicial immunity as she is required by statute to file documents submitted to her for filing. Id. As with the exhaustion argument contained in Sheriff Banther's motion to dismiss, this argument misapprehends the constraints upon a Court evaluating a motion to dismiss. According to the allegations of Plaintiff's amended complaint, Court Clerk Dow prints, issues, and files documents containing Plaintiff's social security number, birth date, and address. Amended Complaint, pp. 2-3. The undersigned must accept these allegations as true and cannot look to other documents which show them to be inaccurate when evaluating a motion to dismiss.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant Yvonne Dow's Motion to Dismiss [Doc. No. 18] be **DENIED**, and that Defendant Dennis Banther's Motion to Dismiss [Doc. No. 19] be **GRANTED** unless Plaintiff files an amended complaint withing twenty (20) days of any order adopting this Report and Recommendation. If Plaintiff fails to file an amended complaint within the prescribed time period, it is recommended that the action be dismissed without prejudice as to Defendant Banther.

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by August 18, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

**ENTERED this 28th day of July, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE